# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK



08 CV 00997

| | |
|---|---|
| MOHAMMAD JAVED IQBAL, | ) |
| Plaintiff, | ) Civil Action No: |
| v. | ) |
| MARY ANN GANTNER, Interim District Director, New York District, USCIS | ) COMPLAINT FOR MANDAMUS OTHER RELIEF(S) |
| PAUL E. NOVAK, Director, Vermont Service Center, USCIS | ) |
| DR. EMILIO T. GONZALEZ, Director, USCIS | ) IMMIGRATION CASE |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security, | ) |
| MICHAEL B. MUKASEY, Attorney General, Department of Justice | ) |
| ROBERT S. MUELLER, III, Director, Federal Bureau of Investigation | ) |
| Defendants | ) |

RECEIVED

JAN 30 2008

U.S.D.C. S.D.N.Y.

## COMPLAINT FOR MANDAMUS

### I. Introduction:

1. This action is brought by plaintiff for a Writ of Mandamus, under 28 U.S.C. § 1361, to compel defendants to process the necessary background checks and adjudicate his applications for Adjustment of Status to Permanent Residence (Form I-485), which is unreasonably delayed and withheld.

2. This action has its origin in plaintiff's original entry into the United States in July 1981. Thereafter on or about May 4, 1990, plaintiff filed a legalization application, pursuant to a nationwide class action settlement in the *League of United Latin American Citizens*

(LULAC) v. INS, [1986]. It related to a legalization claim under the Immigration Reform and Control Act of 1986. At that time in May 1990, plaintiff used to live in Florida and therefore he submitted his legalization claim in Florida, by submitting an affidavit for determination of class membership in League of United Latin American Citizens v. INS (LULAC). USINS in Florida issued receipts of the claim on May 4, 1990. See Receipt Nos. **XOP-90-034-1015** and **XOP-90-034-1016**, attached as **Exhibit A**.

3. Upon receipt of the claim, USINS asked for proofs of Florida residence and some more documentation, and the plaintiff supplied affidavits and other documents in 1990. Copies are attached as part of Exhibit G. For nearly ten years, from 1990 to 2000, plaintiff periodically applied for employment authorization documents (EAD) and USINS issued such EADs. Please see **Exhibit B**. During this process, as per the internal USINS policy, the case file got transferred from Florida to Missouri Service Center, which issued EADs.

4. Some 10 years after 1990, Missouri Service Center transferred the plaintiff's pending I-485 petition to the New York City office at 26 Federal Plaza, New York, New York, "in order to speed processing" and the New York City office then scheduled plaintiff's interview on June 29, 2000. After the interview, the case file must have been sent to Vermont Service Center, because eventually the Director of Vermont Service Center issued a decision on July 10, 2001, stating that the evidence submitted by the plaintiff was found to be credible for eligibility under the 1999 LULAC case ruling; and further asking plaintiff to submit certain documents including a new application for employment authorization to Texas Service Center; without any filing fee. Please see **Exhibit C**.

5. Thereafter, plaintiff filed his application for permanent residence, Form I-485, on August 28, 2001, and on September 07, 2001 Missouri Service Center at Chicago issued a

2

Receipt Notice No. MSC-01-332-60268. Again, on June 24, 2002, the Missouri Service Center transferred the plaintiff's pending I-485 application to New York City office at 26 Federal Plaza, New York, New York, "in order to speed processing," where probably it is currently pending. (A copy attached hereto as **Exhibit D**). Plaintiff also received a new EAD card on October 22, 2002. Please *see* Exhibit B.

  6.  On February 22, 2004, when plaintiff successfully passed another INS interview for the legalization citizenship test of his English language proficiency and knowledge of U.S. history and government, he was advised that INS would notify him of the decision. In the mean time, he again applied for and received a new **EAD card in 2005, a copy of which is part of** Exhibit B. **However, in the last three years plaintiff made numerous inquiries to know the status of his application, requesting a final decision on his application as early as possible. On October 17, 2006, Missouri Center informed the plaintiff that "(T)he processing of your case has been delayed. A check of our records establishes that an** investigation in plaintiff's background remains open." A copy attached hereto as **Exhibit E.**

  7.  Despite the passage of so many years (17 and half years from the date plaintiff's legalization claim was filed in May 1990, or more than seven years counting from the time INS resurrected the case in June 2000, or more than six years counting from the time the Vermont Service Center found plaintiff's legalization eligibility in July 2001 and plaintiff filed his I-485 application in **August 2001), the inordinate delay in completing the entire process including plaintiff's background check is simply unreasonable by any standard.**

  8.  Another important fact is that plaintiff received a new Employment Authorization Card (EAD) was issued on October 28, 2007, valid until October 15, 2008. A copy is attached as part of Exhibit C. This necessarily gives rise to a presumption that USCIS and/or FBI may have

already run a background check on plaintiff without any negative record on his name. Indeed, plaintiff has absolutely no criminal record anywhere in the world.

## II JURISDICTION

9. The statute, viz., 28 U.S.C. § 1361, grants federal courts "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The writ of mandamus is intended to provide a remedy for a petitioner "only if he has exhausted all other avenues of relief and only if the [respondent] owes him a clear non-discretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

10. This is a civil action brought pursuant to 28 USC §§ 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel defendants to perform duties owed to Plaintiff. Jurisdiction is also conferred by 5 USC § 704. Plaintiffs are aggrieved by adverse agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts. 5 USC § 702 *et seq.*

11. The aid of the Court is invoked under 28 USC §§ 2201 and 2202, pursuant to which any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

12. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 USC § 504, and 28 USC 2412(d), *et seq.*

## III PARTIES

4

13. Plaintiff is an alien who has applied for permanent residence under the "LULAC Class Action, and the legacy Immigration & Naturalization Service (INS) has already approved it. Yet, as noted herein, the defendants have unreasonably and unjustifiably failed to process the application to completion.

14. Defendant, Mary Ann Gantner, is sued in her official capacity as the Interim District Director, New York District, where the plaintiff's application is being processed and currently pending.

15. Defendant, Paul E. Novak, Jr., is sued in his official capacity as the Director of the USCIS, Vermont Service Center, an agency within the Department of Homeland Security, charged with the adjudication of applications for adjustment of residential status, living within certain designated states. He is responsible for adjudication of plaintiff's I-485 application for adjustment of status, being the Service Center responsible for the aliens resident of the State of New York, amongst others.

16. Defendant Dr. Emilio T. Gonzalez is sued in his official capacity as the Director of the United States Citizenship and Immigration Services, an agency within the Department of Homeland Security, which is charged by law with the duty of adjudicating completing all such  applications for permanent residence for persons granted approvals under INA.

17. Defendant Michael Chertoff is sued in his official capacity as the Secretary of the Department of Homeland Security. In this capacity he has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. §1103(a) including the accurate, efficient and secure processing of immigration benefits.

18. Defendant Michael B. Mukasey is sued in his official capacity as the Attorney General of the United States and is charged with the authority and duty to direct, manage, and supervise all employees and all files and records of the Department of Justice including the security checks required to obtain an immigration benefit such as adjustment of status to lawful permanent residence.

19. Defendant Robert S. Mueller, III, is sued in his official capacity as the Director of the Federal Bureau of Investigation ("FBI"). He is responsible for conducting both criminal record checks and the National Name Check Program ("NNCP"). The NNCP disseminates information from the FBI's Central Records System in response to requests submitted by federal agencies, including USCIS.

### IV. VENUE

20. Venue is proper in New York County, New York, and the Southern District of New York since defendant has offices in New York, NY, and plaintiff resides in New York.

### V. EXHAUSTION OF REMEDIES

21. Plaintiff has exhausted his administrative remedies. Plaintiff and his attorney have made numerous inquiries concerning the status of his I-485 application to no avail. Plaintiff has no other adequate remedy available for the harm he seeks to redress - the failure of defendants to adjudicate his applications for permanent residence in a timely manner.

### VI. REMEDIES SOUGHT

22. Plaintiff seeks to have the Court compel defendants to conduct a criminal record check and security/name check and issue the results within 30 days, and to promptly

adjudicate his pending application for permanent residence upon receipt of the required background checks.

## VII. CAUSE OF ACTION

23. Plaintiff is a native of Pakistan. He was born in Pakistan on January 1, 1962. Plaintiff filed applications under LULAC ruling on May 4, 1990. Plaintiff's application for permanent residence (MSC-01-332-60268) has remained unadjudicated at the Missouri Service Center until June 24, 2002, and thereafter at the New York District, until this date, after it was transferred to New York "in order to speed processing."

24. Despite the passage of such a long time, as noted above (17 and half years from the date plaintiff's legalization claim was filed in May 1990, or more than seven years counting from the time INS resurrected the case in June 2000, or more than six years counting from the time the Vermont Service Center found plaintiff's legalization eligibility in July 2001 and plaintiff filed his I-485 application in August 2001), the inordinate delay in completing the entire process including plaintiff's background check is simply unreasonable by any standard. Indeed, plaintiff retained a counsel (Pravinchandra J. Patel) who sent one final letter on September 11, 2007, with copies to different Service Centers Directors, requesting them to complete the proceedings as early as possible. Plaintiff's counsel also stated that if plaintiff is required to take any step, he will be immediately comply to resolve this matter without any delay. Copy of the letter is attached as **Exhibit F.** Yet, despite the lapse of more than four months, there is no end to the proceedings.

25. Plaintiff alleges that defendants have a non-discretionary duty to complete the processing of his application for permanent residence in a reasonable time. Plaintiff further

7

alleges that he has a right to know the determination made by the defendants, within a reasonable time. Despite the fact that plaintiff's application has been pending for such a long time, defendants have failed to complete the application process.

26.  Plaintiff has made numerous inquiries about the status of his application over the course of several years. In response to these inquiries, Plaintiff was told on October 17, 2006, by the USCIS, Missouri Service Center, which states: "A check of our records establishes that your case is not yet ready for decision, as the required investigation into your background remains open. Until the background investigation is completed, we cannot move forward on your case..." On information and belief it is alleged that criminal background checks at the FBI take about 30 days. Therefore, Plaintiff's background check should now be completed.

27. Plaintiff understands the need for a background record check and a security/name check clearance for applicants for permanent residence. However, plaintiff's name check clearance request has been pending with defendants for many years. Despite Defendants' claims to the contrary, plaintiff suspects that no actual background investigation is ongoing at this time and his case is just sitting on a shelf somewhere where it will likely remain for eternity unless this Court orders defendants to complete the process in a forthright manner. Plaintiff asserts that the defendants have no legal basis for failing to proceed with the case.

28. The defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law.

## VIII. PRAYER

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring defendants to complete the entire process including background record check and name check/security clearance within 30 days;

(b) keeping the instant complaint open, until such time the defendants comply with the court's orders;

(c) awarding Plaintiffs reasonable attorney's fees and costs of court; and

(d) granting such other relief at law and in equity as justice may require.

DATED: January 29, 2008

__/s/__ _____

Nadi Ganeshan Viswanathan (NV2513)
Pravinchandra J. Patel, P.C.
1270 Broadway, Suite 411
New York, NY 10001
Tel. 212-279-3230;
Fax. 212-279-3280

# LIST OF ATTACHED EXHIBITS
## Re: Complaint For Mandamus by Mohammad Javed Iqbal

### *Description*

A.   INS Receipt Nos. **XOP-90-034-1015** and **XOP-90-034-1016** issued in 1990.

B.   Copies of employment authorization documents (EADs) issued by USCIS, from time to time.

C.   Copy of Letter dated July 10, 2001, from Paul E. Novak, Jr., INS, Vermont Service Center, informing the plaintiff that his LULAC application has been approved.

D.   Copy of Letter dated June 24, 2002, from Missouri Service Center, Chicago, informing the plaintiff that his application has been transferred to New York for "speed processing."

E.   Copy of letter dated October 17, 2006 from USCIS, Missouri Service Center, Lees Summit, Missouri, informing the plaintiff that his application has been delayed because the required investigation into his background remains open.

F.   Copy of letter from the petitioner's attorneys, Pravinchandra J. Patel,  dated September 11, 2007

G.   Copies of affidavits and documents submitted in 1990.

DEPARTMENT OF HOMELAND SECURITY                    DATE:  04/29/2005
U.S. CITIZENSHIP & IMMIGRATION SERVICES            TIME:  10:26

                                        **** ALIEN NO: A093109879
**** RECEIPT NO: NYC-K-05-211-0003
    THE ABOVE RECEIPT AND ALIEN NUMBER MUST ACCOMPANY ALL INQUIRIES!

RECEIVED 175.00 IN THE FORM OF C
FROM:
MOHAMMAD            JAVED IQBAL

APPLICANT:
MOHAMMAD            JAVED IQBAL
                                        REF NO:
 FORM:  I765
                                        INITIAL ISSUE
G-711-EDP-1

LEGALIZATION FEE RECEIPT                05/04/90
U.S. DEPARTMENT OF JUSTICE              10:07:09
IMMIGRATION AND NATURALIZATION SERVICE
500 W 49TH STREET
HIALEAH, FL 33012

RECEIPT NO: XOP-90-034-1015   FEE CLERK I.D.: AGY

FOR  IQBAL, M. J.

WITH I687L (FORM NO.)   RE: CASE NO A93109879   INA # 180 EMPLOYMENT AUTHORIZED THRU 6/21/90

RECEIVED  $185.00 IN THE FORM OF: COMMERCIAL MONEY ORDER  BANK NO: 102100400

FROM: IQBAL, M. J.   (REMITTER NAME)

QDE:

APPLICANT'S COP
FORM NO. I-689 5/8

LEGALIZATION FEE RECEIPT                05/04/90
U.S. DEPARTMENT OF JUSTICE              10:08:39
IMMIGRATION AND NATURALIZATION SERVICE
500 W 49TH STREET
HIALEAH, FL 33012

RECEIPT NO: XOP-90-034-1016   FEE CLERK I.D.: AGY

FOR  IQBAL, M. J.

WITH I690L (FORM NO.)   RE: CASE NO A93109879

RECEIVED  $35.00 IN THE FORM OF: COMMERCIAL MONEY ORDER  BANK NO: 102100400

FROM: IQBAL, M. J.   (REMITTER NAME)

QDE:

APPLICANT'S COP
FORM NO. I-689 5

THE ABOVE RECEIPT AND ALIEN NUMBER MUST ACCOMPANY ALL INQUIRIES

APPROVAL NOTICE IN THE FORM OF C

JAVED IQBAL

JAVED IQBAL

REF NO: NYCK0521130020

EXTENSION

**EMPLOYMENT AUTHORIZATION**

Name
IQBAL, MOHAMMAD

Valid From
03/93/1996    DOB 01/01/1962

Provision of Law
274A.12(C)(03)

ISSUED 19 4/3/1996

**EMPLOYMENT AUTHORIZATION**

EXPIRES



U.S. DEPARTMENT OF JUSTICE Immigration and Naturalization Service
**EMPLOYMENT AUTHORIZATION CARD**
The person identified is authorized to work in the US for the validity of this card
NAME  IQBAL, MOHAMMAD J
INS A# 093-109-879
CARD # MSC0303218/866
Birth date  Category  Sex  M
01/01/62  Country of Birth
Pakistan
Terms And Conditions
NOT VALID FOR REENTRY TO U.S.
CARD VALID FROM 12/23/02 EXPIRES 12/22/03



U.S. DEPARTMENT OF JUSTICE Immigration and Naturalization Service
**EMPLOYMENT AUTHORIZATION CARD**
The person identified is authorized to work in the US for the validity of this card
NAME  IQBAL, MOHAMMAD J
INS A# 093-109-879
CARD # MSC0133260269
Birth date  Category  Sex  M
01/01/62  C-24  Country of Birth
Pakistan
Terms And Conditions
Not
NOT VALID FOR REENTRY TO U.S.
CARD VALID FROM 10/16/01 EXPIRES 10/16/02



U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. Citizenship and Immigration Services

## EMPLOYMENT AUTHORIZATION CARD

The person identified is authorized to work in the U.S. for the validity of this card.

NAME   IQBAL, MOHAMMAD J

A# 093-109-879

CARD # MSC0601715374

Sex   M

NOT VALID FOR REENTRY TO U.S.

CARD VALID FROM 10/16/07   EXPIRES 10/15/08

Immigration and Naturalization Service

Vermont Service Center
75 Lower Welden Street
St. Albans, VT  05479-0001

RE: A93109879
DOB: JANUARY 1, 1962

July 10, 2001

MOHAMMAD JAVED IQBAL
2427 CINTON ST
BELLMORE NY 11710

Dear Mohammad Javed Iqbal:

In accordance with the July 2, 1999, LULAC case ruling to include a Qualified Designated Entity (QDE) in identifying any front desk claim, we have reviewed your legalization questionnaire.

The Legalization questionnaire and accompanying information was submitted to address your claim that you physically tendered a completed application with the appropriate fee to an Immigration and Naturalization Service (INS), or Qualified Designated Entity (QDE), office employee between May 5, 1987 and May 4, 1988, but had it rejected by that employee.

Our present review indicates you submitted credible information in support of your claim.  Therefore, a favorable determination may be reached on your questionnaire and we have determined you have established your claim.

Mail this notice along with the following required documents: (1) A completed Form I-687 application or copy (resign and date your copy).  No filing fee is needed for Form I-687 (LULAC class member); (2) A Form I-765 (on Form I-765, fill out numbers 1-through 10, print "C22" under number 16, and sign this form); and (3) a $25 fingerprinting fee.  Mail these documents to the address shown below:

Immigration and Naturalization Service
Texas Service Center
PO Box 851182
Mesquite, TX  75185-1182

You must submit evidence to support your claim for eligibility for lawful temporary resident status.

When the required items are received, INS will process your Form I-765 for an employment authorization document and then adjudicate legalization applications for approved claimants.

Sincerely,

Paul E. Novak J.

Paul E. Novak, Jr.
Center Director

**Notice of Action**

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>MSC-01-332-60268 | | CASE TYPE I485    APPLICATION TO ADJUST TO PERMANENT<br>RESIDENT STATUS |
|---|---|---|
| RECEIPT DATE<br>September 7, 2001 | PRIORITY DATE | APPLICANT    A093 109 879<br>IQBAL, MOHAMMAD J. |
| NOTICE DATE<br>June 24, 2002 | PAGE<br>1 of 1 | |

MOHAMMAD J. IQBAL
11 CAMP AVE APT W
MERRICK NY 11566

**Notice Type:**  Transfer Notice

This is to advise you that in order to speed processing we have transferred the above case to the following INS office for processing:

Javits Fed. Bldg. 26 Federal Plaza, Rm. 1-102 Worth St. Entrance, New York, NY 10278

That office will notify you of the decision made on the application or petition.  Any further inquiries should be made to that office.

---

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
MISSOURI SERVICE CENTER
U.S. INS
P.O. BOX #7216
CHICAGO IL 60680-7216
**Customer Service Telephone: (800) 375-5283**



**U.S. Department of Homeland Security**
National Benefits Center
P.O. Box 648005
Lees Summit, MO 64064

 **U.S. Citizenship and Immigration Services**

Tuesday, October 17, 2006

MOHAMMAD J IQBAL
11 W CAMP AVE
MERRICK NY 11566

Dear MOHAMMAD J IQBAL:

On 04/21/2006 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Caller indicated they are:** | The applicant |
| **Attorney Name:** | Information not available |
| **Case type:** | I765 |
| **Filing date:** | 10/19/2005 |
| **Receipt #:** | MSC-06-017-15374 |
| **Beneficiary (if you filed for someone else):** | IQBAL, MOHAMMAD, J |
| **Your USCIS Account Number (A-number):** | A093109879 |
| **Type of service requested:** | Case Status - Outside Processing Time<br>Non-delivery |

The status of this service request is:

The processing of your case has been delayed. A check of our records establishes that your case is not yet ready for decision, as the required investigation into your background remains open.

Until the background investigation is completed, we cannot move forward on your case. These background checks are required to be completed on all applicants who apply for the immigration benefit you are seeking. We will make every effort to make a decision on this case as soon as the background checks are complete. If you do not receive a decision or other notice of action from us within 6 months of this letter, please contact us by calling our customer service number provided below.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember: By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the address shown on that form. If you do not have this form, you can download it from our website or you can call the National Customer Service Center at 1-800-375-5283 and we can order one for you. If you move, please call us with your new address information as soon as your move is complete. If you have already called us and given us this information, you do not need to call again.

U.S. Citizenship and Immigration Services

# Pravinchandra J. Patel, P.C.

*Attorneys at Law*

E-Mail: PJPatel@immigrationbypatel.com
Web: www.immigrationbypatel.com

1270 Broadway, Suite 411
New York, New York 10001
Phone: (212) 279-3230
Fax: (212) 279-3280

Pravinchandra J. Patel, LL.M.*
Ganesh Nadi Viswanathan, LL.M.

September 11, 2007

Attn: Section Chief, Adjustment of Status (Legalization)
U.S. Citizenship and Immigration Services
26 Federal Plaza, 9th Floor, Room 900
New York, New York 10278

Re:  **A093 109 879**;
     Mohammad Javed IQBAL (Legalization Applicant) (DOB: 01/01/1962);
     **Application Pending Since 1990.**

Dear Sir or Madam:

I am enclosing a duly signed Notice of Entry of Appearance as Attorney (Form G-28) for your records. Please enter my appearance as attorney on the official file, and send all future communications to my office with respect to the above-referenced alien.

This matter has been pending for as many as 18 years, since 1990. It began with the alien's application for amnesty under the Immigration Reform and Control Act of 1986. *See* the attached Legalization Fee Receipts Nos. **XOP-90-034-1015** and **XOP-90-034-1016**, both dated 05/04/90. Initially there was hardly any progress in the INS processing. Eventually, after the settlement of the LULAC case in the Federal Court, his amnesty application was resurrected in 2000. He was interviewed in June 2000, and in July 2001, his application was approved. Copies of both the interview notice from USDOJ and approval notice from Vermont Service Center are attached herewith for your immediate reference. In September 2001, he submitted another application (**MSC-01-332-60268**), with a request for employment authorization (**MSC-01-332-60269**).

Thereafter, his file was transferred in June 2002, from INS's Missouri Service Center (Chicago) to New York Office at 26 Federal Plaza, New York, New York A copy of the notice is also attached herewith. He was then finger-printed and he passed the Citizenship Test in February 2004. Since 2001, he was also approved for employment authorization in 2001 and subsequently in New York City on 04/29/2004 and 03/03/2006, *see* Receipt Nos. **NYC-K-05-211-0003**, and **NYC-K-06-211-0004**, and one sent to Missouri Center in October 2005, *see* **MSC 06-017-15374**. Copies of these receipts are also attached for your reference.

Despite the lapse of 18 years counting from the original date in 1990, or about 8 years if counted since 2000 when the case was resurrected, or 3 & ½ years, counting from the last interview, not only there is absolutely no progress but he has not received even an employment authorization document despite his I-765 EAD application that will be two years old in October 2007. Indeed, the applicant has made numerous inquiries about the case and for an EAD, and personally spent a whole day each time he visited your office at 26 Federal Plaza. After having suffering in limbo for such a long time and having exhausted his patience and hope, without any sign of a finality, he has hired our firm's

*LL.M. (1971) — University of Texas Law School at Austin, Texas
Author of:  1) Patel's Immigration Law Digest (5 Volumes); and 2) Patel's Citations of Administrative Decisions under Immigration & Nationality Laws
Editor / Compiler of:  1) The Whole Act—INA; 2) 8 CFR Plus; and 3) 20/22/28 CFR Plus

services to take any legal steps necessary to have the matter finally resolved.

Even though it would seem to any reasonable person that a case should not be dragged on for such a long time and it would be quite appropriate for the applicant to immediately approach a Federal court to compel the Service to issue a final decision and close the file, as a matter of courtesy I am writing this letter with a request to please look into this matter on an expeditious basis and resolve it a.s.a.p.

Please note that on October 17, 2006, USCIS National Benefits Center had responded to Mr. Iqbal's query and stated that the case was delayed because background investigation still remained open. This is supposedly a reference to a security clearance. However, no matter how the time is counted, it is absolutely unreasonable and outrageous that no end is in sight and no light appears at the end of the proverbial tunnel. It looks like Mr. Iqbal's long and dark night of uncertainty and frustration continues unendingly; and his file may have fallen through the proverbial crack. If so, this notice might prompt a quick remedial action. Please also note that the applicant has five U.S. citizen children, who all are born in New York City and hold U.S. passports.

Therefore, I send this final courtesy letter in the hope that this long-pending matter will be resolved as early as possible. If you have any question or I can be of any assistance in resolving this matter, please call me or write to me. I will be happy to respond and comply, in an attempt to resolve this matter without losing any time and without any burden on the alien and on the USCIS administration.

However, I have to notify you that if the USCIS fails to respond to this letter and process the case to its completion in an expeditious manner, the applicant will be left with no choice but to immediately move the U.S. District Court for a writ of mandamus seeking suitable directives or any other appropriate relief.

I trust you would look into this long pending case and take an appropriate action on an expeditious basis. I am enclosing all the identifying file numbers with relevant documents, to make it easy for USCIS to trace the applicant's papers and take an expeditious decision. Thank you.

Very sincerely,

Pravinchandra J. Patel
Attorney for the Applicant

cc: Missouri Service Center; Vermont Service Center; Texas Service Center

2

**AFFIDAVIT FOR DETERMINATION OF CLASS MEMBERSHIP IN LEAGUE OF UNITED LATIN AMERICAN CITIZENS V. INS (LULAC)**

APPLICANT: IF YOU REQUIRE MORE SPACE TO FULLY ANSWER ANY QUESTION ON THIS FORM YOU MAY ATTACH A SEPARATE SHEET AND IDENTIFY EACH ANSWER WITH THE NUMBER OF THE CORRESPONDING QUESTION. YOU MUST BRING THE FORM, PROPERLY NOTARIZED, WITH THE OTHER REQUIRED FORMS AND EVIDENCE TO THE OFFICE OF IMMIGRATION LEGALIZATION HAVING JURISDICTION OVER YOUR ACTUAL PLACE OF RESIDENCE.

1.  NAME                    2. DATE OF BIRTH      3. PLACE OF BIRTH

    IQBAL, Mohammad Javed      01-01-62              PAKISTAN
    last    first    m.i.

4.  Other names used:
    None

5.  Have you ever applied for legalization? (If yes give date, place of filing, file number, and final disposition) _no_

6.  Do you have any records with the Immigration Service? (If yes, explain nature and location) _no_

7.  When did you first enter the United States? _July 1981_

8.  How did you enter at that time? (location, class of admission)
    _Air, visitor, New York_

9.  (a) How did you violate your status? _WORKED / OVER STAYED_
    (b) When, where, and how did you depart and re-entered the United States from 1982 to 1986. _depart 10-10-84, by air, re-entered 11-15-84 by air, visitor, New York._

10. When, where and how did you last depart from the United states?
    _10-10-84 air, New York_

11. When did you last enter the United Sates? _11-15-84_

12. How did you enter at that time? (Location, class of admission)
    _Air, visitor, New York_

13. How did you violate your status? _WORKED / OVER STAYED_

14. Explain fully why you did not file an application for legalization before May 4, 1988. I WENT TO THE LEGALIZATION OFFICE IN Manhattan AND AN INS OFFICER TOLD ME THAT I COULD NOT APPLY FOR AMNESTY BECAUSE I HAD LEFT IN   10-10-84   AND RETURNED WITH VISA

15. Have you resided continuously in the United states since January 1, 1982, and do you believe you are otherwise eligible for legalization but for missing the May 4, 1988 deadline? _YES_

    I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

APPLICANT _____      Date: _5/03/90_

    SWORN AND SUBSCRIBED BEFORE me this _3rd_ day of _July_,
1990.

_____
Notary

NOTARY PUBLIC STATE OF FLORIDA
MY COMMISSION EXP. APR.15,1994
BONDED THRU GENERAL INS. UND.

STATE OF NEW YORK          )

                           *                          AFFIDAVIT

COUNTY OF NEW YORK         )



STATE OF NEW YORK, COUNTY OF NEW YORK          ss:

    A.R. Rana

                        , being duly sworn, deposes and says:


        That your deponent is a tenant of the apartment #  3I5 , which
is located at   307 West  79th street, New York N.Y. I0024

        That your deponent knows that Mr.Mohammad Javed Iqbal  is
residing with him by sharing the said apartment as a co-tenent  from July-8I
to Sept.84 and he is paying $ I75.00  monthly rent.

        That your deponent  knows him  very well and he is a good
friend of mine.

        That the foregoing is true to the best of my knowledge and belief.


                                                    _____
                                                    DEPONENT

Sworn to before me on
this  19  Day of  may ,1990

WILLIAM I. MANNING
Notary Public, State of N.Y.
No. 2513125
Term Expires March 30/19
Qualified in Queens County

Form approved.
Budget Bureau No. 43—R343.

No. _____

## AFFIDAVIT OF WITNESS

IN THE MATTER OF THE APPLICATION OF

__Mohammad Javed Iqbal_____          } File No. _____

## AFFIDAVIT

____A.R. Rana_____, occupation ___Service_____

residing at __27-10  30th Ave Astoria  N.Y.11102._____
<br>(Number and street)                                    (City or town)                    (State)    (ZIP Code)

being duly sworn, deposes and says that (s)he ⎨ is / is not ⎬ a citizen of the United States of America; that

(s)he has personally known and has been acquainted in the United States with __Mohammad Javed Iqbal__

__7450 Miami  Lake Drive Apt C-207,Miami.33014__ , the applicant above mentioned;

that to ⎨ his / her ⎬ personal knowledge the applicant has resided in the United States as follows:

__307-West, 79th street N.Y. 10024__ from _____ to _____
<br>(City, town, and State)                             (Month)  (Year)         (Month)  (Year)

__7450 Miami Lake Drive Apt.C-207__ from _____ to _____
<br>(City, town, and Miami 33014.)                   (Month)  (Year)         (Month)  (Year)

_____ from _____ to _____
<br>(City, town, and State)                             (Month)  (Year)         (Month)  (Year)

_____ from __July- 81__ to __until now__
<br>(City, town, and State)                             (Month)  (Year)         (Month)  (Year)

that (s)he is able to determine the date of the beginning of ⎨ his / her ⎬ acquaintance with the applicant in the

United States from the following fact(s): __worked in different organizations_____

_____ ;

that (s)he has personal knowledge that the applicant is a person of good moral character, and that the

longest period during the residence described in which (s)he has not seen the applicant is _____
<br>                                                                                                                      (Years)

_____
<br>(Months)

_____
<br>(Signature of witness)

Subscribed and sworn to before me by the above-named witness at _____

this __19__ day of ___may___ 19__90__

_____
<br>(Signature of attestor)

_____
<br>(Title of attestor)

Form I-488
UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
(Rev. 10-1-78)N

WILLIAM L. MANNING
Notary Public, State of N.Y.
No. 2513125 Spp
Term Expires March 30/19
Qualified in Queens County

## AFFIDAVIT

I,Naeem Athar resident of Florida at 3205 S.W 15th Ave Fort Laud. here by affirm and certify that Mr.Mohammad Javed Iqbal is my family friend since from Pakistan.I certify that he is now living at 7450 Miami Lakes Drive #C 207 Miami Fl 33014, and he is in U.S.A. prior to Jan 1982.Its also in my knowledge that he went to Pakistan in Oct 1984 as at time he took parcel for me to Pakistan to deliver to my family.

Yours Sincerely

Naeem Athar

3205 S.W. 15 Ave

Fort Lauderdale Florida

33315

6-11-91

<u>**AFFIDAVIT**</u>

STATE OF NEW YORK)

                    SS:

COUNTY OF KINGS)

I, Mohammad Akhtar Rehman, residing at 5010, 12th Ave, # 39, Brooklyn
N.Y. 11219 duly sworn deposes and says:

1. I am 39 years old.

2. I am a citizen of the United States.

3. I personally know Mohammad Javed Iqbal since on or about July 1981
   who presently reside at 2427, Clinton St, Bellmore, N.Y. 11710. He is a
   class-member for Lulac v Reno Law Suit. We have been meeting off and
   on. I know that he resided at the following addresses:

   a.  From July, 1981 until September, 1984 at 27-10, 30TH Ave ,
       Astoria, NY 11102.

   b.  From December 1984 until February 1987, at 608 Oak Necn Road,
       West Isilip, Long Island, N.Y. 11795.

   c.  From March 1987 until December 1989 at 15 Russel Place,
       Freeport, Long Island, NY 11520.

   d.  From Jan 1990 until June 1991 at 7450 Miami Lakes Drives # C-
       207, Miami, Florida 33014.

   e.  From June 1991 until December 1993 at 30 North Beach Ave # 1D,
       Freeport, NY 11520.

   f.  From January 1994 until December 1995 at 100 Brooklyn, NY
       11520.

   g.  From Jan 1996 until Present at 2427, Clinton St, Bellmore, NY
       11710.

a. (Manager / Baker) at Dunkin Donuts / 35 East Sunrise Highway, Long Island, NY from January 1990 until Present.

b. (Baker) at Dunkin Donuts / 35 East Sunrise Highway, Long Island, NY from March 1987 until December 1989.

c. (Car Washer) at Brooklyn, N.Y. from December 1984 until February 1987.

d. (Gas Station Attendant)- at different location in N.Y. from July 1981 until September 1984.

5. I also know through information and belief that Mr. Mohammad Javed Iqbal came to United States on or about July 1981 on a visitor's visa that was issued to him at Lahore, Pakistan. He entered the U.S. at JFK New York. Since then he has been continuously and unlawfully residing in this country. I am also aware that he had a golden opportunity to become a legal resident of the United States in 1987, but unfortunately, he had made a brief trip between October 10, 1984 and November 15, 1984 to Pakistan to visit his family. That made him ineligible for the above relief. I am fully aware of the circumstances under which his application for legalization was rejected on August 10, 1987. On August 10, 1987, Mr. Mohammad Javed Iqbal and I had visited the INS Office located at 201 W, 24 Street, Manhattan, New York with a complete application. I personally know that his application was properly filled with all the supporting documents that included a money order of $ 185.00, medical examination report, finger prints and photographs. The INS Official at the front desk had refused to accept his application on the grounds that he left the United States in 1984 without INS permission. I do not know the name of that officer who rejected his application. I, however, recollect that he was a white male between the age of 42-45 years. He was clean shaved, medium built and had a receding hairline. I also remember that there was another tall black male about 38 years of age sitting next to him who was dealing with another line of applicants. I further remember that there was a long line of applicants on that day. Our turn came at about 11 a.m. on August 10, 1987.

6. I also know through information and belief that Mr. Mohammad Javed Iqbal left for Pakistan on October 10,1984 from JFK, New York by PanAm airline and reentered with a Visitor's visa on November 15, 1984. I know this because Mr. Mohammad Akhtar Rehman, our common friend dropped him at JFK airport. Upon his return from abroad, he had brought few gifts for me from Pakistan.

7. I strongly recommend that the Immigration and Naturalization Service to make Mr. Mohammad Javed Iqbal, a permanent resident of United States.

Deponent;

( MOHAMMAD AKHTAR REHMAN)
(718)- 438-7644

Sworn to before me on
2 nd ---- day of _____, 2000

NOTARY PUBLIC

JOHN J. FISHER
Notary Public, State of New York
No. 01FI5036578
Qualified in Nassau County
Commission Expires Dec. 5 19____ 2002

AFFIDAVIT

STATE OF NEW YORK)

                 SS:

COUNTY OF NASSAU)

I, PRAGNA –B-SHAH,M.D., residing at 2679, Covered Bridge Rd, Merrick, NY 11566 duly sworn deposes and says:

1. I am 60 years old and I am a practicing physician in the United States.

2. I am a Permanent Resident of the United States since 1975. .

3. I personally know Mr. Mohammad Javed Iqbal since on or about July 1981 who presently reside at 2427, Clinton St, Bellmore, N.Y. 11710. He is a class-member for Lulac v Reno Law Suit. We have been meeting off and on. I know that he resided at the following addresses:

    a.   From July 1981 until September 1984 at 27-10, 30th Ave, Astoria, NY 11102.

    b.  From December 1984 until February 1987, at 608 Oak Necn Road, West Isilip, Long Island, NY 11795.

    c.  From March 1987 until December 1989 at 15 Russal Place, Freeport, Long Island, NY 11520.

    d.  From Jan 1990 until June 1991 at 7450 Miami Lakes Drives # C-207, Miami, Florida 33014.

    e.  From June 1991 until December 1993 at 30 North Beach Ave # 1D, Freeport, NY 11520.

    f.  From January 1994 until December 1995 at 100 Brooklyn, NY 11520.

    g.  From Jan 1996 until Present at 2427, Clinton St, Bellmore, NY 11710.

4. Mohammad Javed Iqbal worked with following employers:

   a. (Manager / Baker) at Dunkin Donuts / 35 East Sunrise Highway, Long Island, NY from January 1990 until Present.

   b. (Baker) at Dunkin Donuts / 35 East Sunrise Highway, Long Island, NY from March 1987 until December 1989.

   c. (Car Washer) at Brooklyn, N.Y. from December 1984 until February 1987.

   d. (Gas Station Attendant)- at different location in N.Y. from July 1981 until September 1984.

5. It is also in my personal knowledge that Mr. Mohammad Javed Iqbal came to United States on or about July 1981 on a visitor's visa that was issued to him at Lahore, Pakistan. He entered the U.S. at JFK New York. Since then he has been continuously and unlawfully residing in this country. I am also aware that he had a golden opportunity to become a legal resident of the United States in 1987, but unfortunately, he had made a brief trip between October 10, 1984 and November 15, 1984 to Pakistan to visit his family. That made him ineligible for the above relief. I am fully aware of the circumstances under which his application for legalization was rejected on August 10, 1987. On August 10, 1987, Mr. Mohammad Javed Iqbal and I had visited the INS Office located at 201 W, 24 Street, Manhattan, New York with a complete application. I personally know that his application was properly filled with all the supporting documents that included a money order of $ 185.00, medical examination report, finger prints and photographs. The INS Official at the front desk had refused to accept Mr. Mohammad Javed Iqbal's application on the grounds that he left the United States in 1984 without INS permission. I do not know the name of that officer who rejected his application. I, however, recollect that he was a white male between the age of 42-45 years. He was clean shaved, medium built and had a receding hairline. I also remember that there was another tall black male about 38 years of age sitting next to him who was dealing with another line of applicants. I further remember that there was a long line of applicants on that day. Our turn came at about 11 a.m. on August 10, 1987.

6. I also know through information and belief that Mr. Mohammad Javed Iqbal left for Pakistan on October 10,1984 from JFK, New York by PanAm airline and reentered with a Visitor's visa on November 15, 1984. I know this because Mr. Mohammad Akhtar Rehman, our common friend dropped him at JFK airport.

7. I strongly recommend that the Immigration and Naturalization Service to make Mr. Mohammad Javed Iqbal, a permanent resident of United States.

8. The above is true to the best of my knowledge and belief.

Deponent;

( PRAGNA –B-SHAH, M.D.)
(516)- 379-6110

CAROLYN BURKLE
Notary Public, State of New York
No. 4802964
Qualified in Nassau County
Commission Expires ___2 7 0 1

Sworn to before me on
---14--- day of ℓℓ℮ℓ℮ℓℓ-, 2000

NOTARY PUBLIC